**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI**

| | |
|---|---|
| IN RE:  WILLIAM E. DOUGHTY, SR. | CASE NO. 09-11148 DWH |
| DEBTOR-IN-POSSESSION | CHAPTER 11 |

**OBJECTION OF JIMMY AND JERRIE PHILLIPS,
d/b/a PHILLIPS AIR CONDITIONING & ELECTRIC
TO DEBTOR'S CHAPTER 11 PLAN**

COME NOW JIMMY and JERRIE PHILLIPS, d/b/a PHILLIPS AIR CONDITIONING & ELECTRIC ("Phillips"), an unsecured creditor herein, and file their objection to the confirmation of Debtor's Amended Chapter 11 Plan filed herein, to-wit:

1. Debtor's Amended Plan and its accompanying Disclosure Statement illustrate that Debtor has no reasonable prospect or intention to pay anything to unsecured creditors while retaining certain encumbered property he wishes to retain (house and truck), and while retaining ownership of various entities and accounts receivable and choses in action and other assets from which Debtor proposes to pay nothing to his unsecured creditors.

2. There is no prospect for an effective reorganization described in the Amended Plan or its Disclosure Statement nor does one appear to be possible.

3. Debtor has provided no adequate description of his ability to do business or to continue to do business and to generate any income for unsecured creditors. In fact Debtor's own Disclosure Statement admits that Debtor has only been able to cover his expenses and pay his secured claims, or some portion thereof, during the pendency of this case.

4. Debtor's Amended Plan proposes to use his future income to pay for the encumbrance on his wife's share of their jointly owned property in addition to his share of

the debt. Such a transfer of future income would constitute a post-petition insider preference and a conveyance fraudulent as to creditors. Payment by Debtor's spouse of her share of the indebtedness would free up additional sums from Debtor's future income for unsecured creditors. Debtor's wife rather than his unsecured creditors should have to pay for her portion of the jointly owned assets.

5. There is no disclosure of the amount of the Debtor's tax liabilities, his means or methods of paying such liabilities and the expected effect on his Amended Plan and distributions to unsecured creditors. The same is true for the professional fees and the administrative expenses of the case.

6. Neither Debtor's Amended Plan nor its Disclosure Statement are adequate for creditors to make a determination of whether or not he is in compliance with his obligation to submit all of his disposable income to payments under the Plan or to determine what that sum might be. The Amended Plan fails to comply with said obligation.

7. Debtor's Amended Plan proposes to pay "net income" from his continuing employment to unsecured creditors but does not propose to offer unsecured creditors anything from the collection of the receivables, the choses in action or the value of the business entities, the worth and value of which and the prospects therefor are not disclosed. Moreover, the Amended Plan offers the unsecured creditors no lien or security interest in the aforesaid unencumbered assets.

8. Debtor has failed to provide for the liquidation of or the payment of the value of various of his unencumbered assets, including, but not limited to, those entities listed in ¶13 of Schedule B, the $496,693.00 in accounts receivable listed in ¶16 of Schedule B,

and his choses in action against Donald Coleman, Doughty Construction, Inc., Premier Builders, LLC and Highland Plantation Real Estate, LLC.

9. Debtor has failed to provide for the recovery and distribution of preferences, fraudulent conveyances and any other avoidance actions available to the Estate.

10. The Amended Plan allows the Debtor sole and exclusive control of the collection, or not, of the $496,693.00 in accounts receivable listed in ¶16 of Schedule B, and his choses in action against Donald Coleman, Doughty Construction, Inc., Premier Builders, LLC and Highland Plantation Real Estate, LLC without any supervision by the Court, a trustee, a creditors' committee or any other entity.

11. The Amended Plan is not proposed in good faith.

12. The Amended Plan fails to meet the best interest of creditors test, is not fair and equitable and violates the provisions of 11 U.S.C. 1129(b)(2)(B).

13. Neither the Amended Plan or its Disclosure Statement disclose, describe or refer to the Compromise and Settlement Agreement referred to in the ballot of Donald Coleman which would appear to have a material affect on both the Debtor, the Amended Plan and the unsecured creditors.

14. For other reasons to be assigned upon a hearing hereof or which may arise at the hearing on confirmation.

**WHEREFORE, PREMISES CONSIDERED**, JIMMY and JERRIE PHILLIPS, d/b/a PHILLIPS AIR CONDITIONING & ELECTRIC prays that the Court will deny confirmation of the Debtor's Amended Plan and convert the case to a case under Chapter 7.

**DATED** this the 23d day of July, 2010.

**JIMMY and JERRIE PHILLIPS, d/b/a PHILLIPS AIR CONDITIONING & ELECTRIC , CREDITOR**

*s/James R. Mozingo*
James R. Mozingo, their attorney

**OF COUNSEL:**

JAMES R. MOZINGO, MS BAR #3638
KNIGHT MOZINGO QUARLES & SIMPSON, PLLC
601 Renaissance Way, Suite B
Ridgeland, Mississippi 39157
Telephone:  601/956-5771
Telecopier:  601/956-5758
E-Mail: jmozingo@kmqlaw.com

## CERTIFICATE OF SERVICE

I, the undersigned counsel of record for JIMMY and JERRIE PHILLIPS, d/b/a PHILLIPS AIR CONDITIONING & ELECTRIC, do hereby certify that I have this day caused to be served, via electronic delivery, a true and correct copy of the above and foregoing to the following:

Craig M. Geno, Esq.
cmgeno@hjglawfirm.com

Melanie Vardaman
mvardaman@hjglawfirm.com

Sammye S. Tharp, Esq.
sammye.s.tharp@usdoj.gov

THIS the 23rd day of July, 2010.

*s/James R. Mozingo*
James R. Mozingo